ACCEPTED
01-15-00158-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/23/2015 2:32:26 AM
CHRISTOPHER PRIN
CLERK

CAUSE NO. 1-15-00158-CV

IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/23/2015 2:32:26 AM
CHRISTOPHER A. PRINE
Clerk

*CANDICE SCHWAGER, pro se*

*Appellant*

V.

CAROL ANNE MANLEY, DAVID PETERSON, SILVERADO SENIOR
LIVING, INC. D/B/A SILVERADO LIVING CENTER-SUGAR LAND

*Appellees*

APPELLANTS' MOTION TO DISMISS

Respectfully submitted,

/s/Candice L Schwager
Candice L Schwager
SCHWAGER LAW FIRM
1417 Ramada
Houston, Texas 77962
Tel: 832.315.8489
Fax: 832.514.4738
schwagerlawfirm@live.com
**Attorney Pro Se**

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

NOW COMES, CANDICE SCHWAGER, PRO SE ATTORNEY, and files her unopposed motion to dismiss without prejudice and would show the Court as follows:

1. On or about October 9, 2014, Probate Court No. 1 held a hearing on DEFENDANTS' MOTION FOR SANCTIONS against her, wherein no admissible evidence was produced;

2. On or about November 10, 2014, the Court issued two sanctions orders, one of which was based upon rulings pursuant to a Rule 91a Dismissal, for frivolous claims. The second sanctions order for $10,000 was based upon an alleged violation of Texas Disciplinary Rule 3.7 concerning excessive pre-trial publicity.

3. On or about December 9, 2014, the trial court heard Appellant's Motion to Reconsider and Rescind both sanctions orders, as well as the orders pursuant to Rule 91a upon which one sanctions order was based.

4. On or about January 9, 2015, the trial court signed an Order dismissing the claims against the only remaining party and denying reconsideration of the sanctions orders.

On or about January 17, 2015, Appellants filed a motion to dismiss the guardianship matter because it was rendered moot by the death of the proposed ward; However, the trial court failed or refused to dismiss the guardianship matter or enter a final judgment without a further hearing with a status conference just scheduled for March 25, 2015.

On February 9, 2015, CANDICE SCHWAGER, PRO SE ("Appellant") filed a Notice of Appeal in which she complained of orders entered November 10, 2014 and finalized January 9, 2015, being concerned that deadlines for appeal not pass due to the ability to appeal some probate courts on an interlocutory basis—even in the absence of final order or judgment. These orders are as follows:

    a.    Order granting Silverado Senior Living, Inc. d/b/a Silverado Senior Living – Sugar Land's ("Silverado") Rule 91a motion to dismiss;

    b.    Order denying motion to reconsider 91a motion to dismiss and motion for sanctions, signed on January 9, 2015;

    c.    Order granting Silverado's first amended plea to the jurisdiction, signed on January 9, 2015;

    d.    Order granting Sanctions against Candice Schwager under Texas Rule of Civil Procedure 10 for $5000.00 signed November 10,

2014, reconsideration denied January 9, 2015; and

e. Order granting Sanctions against Candice Schwager under Rule 3.7 of the Texas Disciplinary Rules of Professional Conduct for $10,000, dated November 10, 2014, reconsideration denied January 9, 2015.

6. On March 9, 2015, Appellants in Cause No. 1-15-00157 Filed a First Amended Notice of Appeal to include the sanctions orders in this appeal.

7. However, the trial court still has yet to enter a final judgment resolving all parties and all claims. Moreover, the PARTIES have consolidated their appeals. So, the notice of appeal appears to be filed prematurely and should be dismissed without prejudice.

WHEREFORE, Appellant respectfully requests the Court to dismiss this appeal without prejudice to refilling, pending final judgment in the trial court. Appellant prays for such other relief, to which she may be justly entitled.

Respectfully submitted,

/s/Candice L Schwager
Candice L Schwager
SCHWAGER LAW FIRM
1417 Ramada
Houston, Texas 77962
Tel: 832.315.8489
Fax: 832.514.4738
schwagerlawfirm@live.com
**Attorney Pro Se**

## CERTIFICATE OF
## CONFERENCE

I hereby certify that I conferred with attorney Russ Jones on or about February 23rd and he is in agreement with this dismissal.

/s/Candice L Schwager
Candice L Schwager

## CERTIFICATE OF
## SERVICE

I hereby certify that a true and correct copy of the above document was e-  filed and sent by email or electronic delivery by agreement to all counsel of record on this 23rd of March, 2015.

/s/Candice L Schwager
Candice L Schwager

\